UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KURT GABHART, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  No. 2:15-cv-00127-JMS-MJD |
| | ) |
| BRIAN SMITH, | ) |
| | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Kurt Gabhart for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISF 14-12-0195. For the reasons explained in this Entry, Mr. Gabhart's habeas petition must be **denied**.

A. Overview

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On December 2, 2014, Officer Stevens wrote a Conduct Report charging Mr. Gabhart with battery with bodily fluid. The Conduct Report states:

> At approximately 1545 on 12-2-14 I Officer Stevens was in the PDR standing at the juice container and Offender Gabhart 174258 walked up and tried to get more juice. I told the offender that he could not have more he yelled and told me to get out of his face with my big lips. He then got in my face I turned the container around the offender reached for the container. I then moved him away he got back in my face and called me a boy and spit in my face. I Officer Stevens identified Offender Gabhart by his state ID on his shirt.

[Filing No. 9-1 at 1.] Sergeant Thiel filed a backup Conduct Report in which he stated that he interviewed Mr. Gabhart after the incident, and Mr. Gabhart told him that he spit on Officer Stevens's face. [Filing No. 10-2 at 1.] Officer Goffinet also filed a witness statement that corroborated Sergeant Thiel's backup Conduct Report. [Filing No. 10-4 at 1.]

Mr. Gabhart was notified of the charge on December 9, 2014, when he received the Screening Report. He plead not guilty to the charge. He requested Nurse Hill as a witness, but was informed that no nurse by that name works at the facility. However, Nurse Moore submitted a statement for the hearing, which said that Mr. Gabhart's blood sugar levels were normal on the day in question and that, although she had seen Mr. Gabhart with very low blood sugar levels, he never lacked control over himself during those times. [Filing No. 10-8 at 1.]

A hearing was held on December 11, 2014. During the hearing, Mr. Gabhart stated that his blood sugar was low that day so medical staff told him to eat something and come back. He further stated: I "didn't mean to spit on him. I was talking and I think food came out of my mouth." [Filing No. 10-9 at 1.] Based on Mr. Gabhart's statement, the witness statements, and the staff reports, the hearing officer found Mr. Gabhart guilty. The hearing officer recommended and

approved sanctions that included a two-hundred-thirty-nine day earned-credit-time deprivation and a credit class demotion.

Mr. Gabhart appealed to the Facility Head, asking to "not be h[eld] accountable" because his blood sugar levels were low, and further stating that he "was chewing food at the time and some came out of [his] mouth," that he was "disoriented" at the time, and "it was truly an accident." [Filing No. 10-11 at 1.] The Facility Head denied his appeal. Mr. Gabhart then appealed to the IDOC Final Reviewing Authority, who denied his appeal. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.     Analysis**

Mr. Gabhart raises three claims in his petition for a writ of habeas corpus: (1) he should not have been convicted because his blood sugar was low, which caused him to be disoriented and prevented him from remembering the incident; (2) his right to call witnesses was violated because he was not allowed to call Nurse Hill; and (3) he requested video evidence at the hearing but it was not considered. The respondent contends that Mr. Gabhart's second and third claims are procedurally defaulted because he did not raise them in his administrative appeals. Mr. Gabhart failed to file a reply brief and thus did not respond to the respondent's position on procedural default. The Court will address the issue of procedural default before turning to the merits of Mr. Gabhart's remaining claim.

*1.     Procedural Default*

To succeed on a petition for a writ of habeas corpus, a petitioner must first "exhaust[] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies." *Moffat v. Broyles*,

288 F.3d 978, 981 (7th Cir. 2002).  "[W]hen the habeas petitioner has failed to fairly present to the state courts the claim on which he seeks relief in federal court and the opportunity to raise that claim in state court has passed, the petitioner has procedurally defaulted that claim."  *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004).

As detailed above, the respondent is correct that Mr. Gabhart did not raise his claims regarding the ability to call Nurse Hill and the video evidence in his administrative appeals; instead, he only raised his first claim based on his low blood sugar.  [*See* Filing No. 10-11 at 1.]  Accordingly, Mr. Gabhart procedurally defaulted these claims and is thus not entitled to habeas relief based on them.[1]  *See Perruquet*, 390 F.3d at 514.

      2.     Merits

The Court construes Mr. Gabhart's remaining claim based on his low blood sugar levels at the time of the incident as a challenge to the sufficiency of the evidence.  The "some evidence" standard applied to such challenges is lenient, "requiring only that the decision not be arbitrary or without support in the record."  *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

The "some evidence" standard is clearly met in this case.  Three correctional officers submitted statements demonstrating that Mr. Gabhart committed battery with bodily fluid by spitting on Officer Stevens.  Indeed, the Conduct Report alone can "provide[] 'some evidence' for

---

[1] Because these claims are procedurally defaulted, the Court need not address their merits. However, the Court notes that Mr. Gabhart's request to call Nurse Hill as a witness was denied because no nurse by that name works at the facility. Moreover, he did not request video evidence at the proper time—namely, when he received the Screening Report—but instead waited until the day of the hearing itself.

the . . . decision," *McPherson*, 188 F.3d at 786, which it does here.  Furthermore, even if Mr. Gabhart's alleged low blood sugar level could somehow excuse his conduct, Nurse Moore's statement undermines Mr. Gabhart's position regarding his blood sugar levels.  The hearing officer could have reasonably relied on this evidence in concluding that Mr. Gabhart was guilty of battery with bodily fluid.  Accordingly, there is some evidence supporting Mr. Gabhart's conviction, and he is not entitled to habeas relief on this claim.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558.  There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Gabhart to the relief he seeks.  Accordingly, Mr. Gabhart's petition for a writ of habeas corpus must be **denied** and the action dismissed.  Judgment consistent with this Entry shall now issue.

The clerk is **directed** to update the docket to reflect that Brian Smith is substituted as the proper respondent in this action.

**IT IS SO ORDERED.**

Date: August 4, 2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

KURT GABHART
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

Electronically Registered Counsel